```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```
_____

BRENDON BOUVIER,

             Movant,                  **DECISION AND ORDER**

  -vs-                                    **Civil Case**
                                        **No. 6:16-CV-6340-MAT**
UNITED STATES OF AMERICA,

             Respondent.          **Criminal Case**
                                        **No. 13-CR-6101-MAT**
_____

## INTRODUCTION

Brendon Bouvier ("Bouvier" or "Movant"), represented by counsel, has filed a Motion to Correct the Sentence (Dkt # 25) pursuant to 28 U.S.C. § 2255 ("Section 2255"). Bouvier asserts that his sentence under United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") §§ 2K2.1(a)(4) and 4B1.2(a)(2) is unconstitutional pursuant to the Supreme Court's holding in Johnson v. United States, 135 S. Ct. 2551 (2015).

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Bouvier appeared before United States District Court Judge David G. Larimer on August 1, 2013 and pleaded guilty to one count of felon in possession of a firearm. In Bouvier's plea agreement, he agreed that, as a result of his prior conviction for attempted burglary in the second degree under New York law, his base offense level pursuant to Guidelines § 2K2.1(a)(4)(A) would be 20. In accordance with this plea agreement, the sentencing court adopted the finding that Mr. Bouvier's prior conviction constituted "a

crime of violence" under this provision of the Guidelines. On November 21, 2013, Judge Larimer sentenced him to 48 months of imprisonment, exceeding the plea agreement's calculated sentencing range under the Guidelines of 30 to 37 months of imprisonment but sentencing him below the range of 57 to 71 months calculated in the pre-sentence investigation report ("PSR").

Following the Supreme Court's 2015 decision in Johnson, Bouvier filed this Section 2255 motion arguing that his base offense level under the Guidelines is no longer valid because his prior conviction qualified as a "crime of violence" only under the residual clause, which contained the same operative language as the now-void residual clause of the Armed Career Criminal Act ("ACCA"). The residual clause under U.S.S.G. § 4B1.2(a)(2) provided that a "crime of violence" is, among others, an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another." The Government opposes Section 2255 relief on the ground that the rule announced in Johnson has not been made retroactive to collateral challenges to Guidelines' sentences.

For the reasons discussed below, Bouvier's motion is granted, and the matter is transferred to Judge Larimer for re-sentencing.

**DISCUSSION**

**I. Retroactivity of Johnson to Collateral Challenges to the Sentencing Guidelines' Sentences**

On June 26, 2015, the Supreme Court issued its decision in Johnson, holding that the definition of "violent felony" in the

-2-

residual clause of the ACCA was unconstitutionally vague.  The Supreme Court's decision in Welch v. United States, issued on April 18, 2016, held that "Johnson announced a substantive rule that has retroactive effect in cases on collateral review." 136 S. Ct. 1257, 1268 (2016) (also confirming that Johnson has "nothing to do with procedure" because it "'alter[s] 'the range of conduct or the class of persons that the [ACCA] punishes") (quotation omitted).

Here, the Government does not dispute that Bouvier's prior conviction for second-degree attempted burglary is not "a crime of violence" but for the residual clause of § 4B1.2(a)(2).  It instead contends that Johnson is not applicable to the Guidelines and, therefore, Bouvier's motion must be denied.  This Court, however, has repeatedly recognized that the operative language of U.S.S.G. § 4B1.2(a)(2)'s residual clause and the ACCA's residual clause is identical. See, e.g., United States v. Gray, 535 F.3d 128, 130 (2d Cir. 2008) ("[W]here the language of two . . . provisions is identical, we cannot conclude that those provisions have disparate applicability to a type of conduct that inherently involves the risk specified in both provisions.") (quotation omitted).  The United States Sentencing Commission has amended U.S.S.G. § 4B1.2(a)(2) to strike the residual clause, finding that it implicated many of the same concerns cited by the Supreme Court in Johnson.

This Court, among many others, has already rejected the argument that Johnson cannot be applied retroactively to the Guidelines under Welch because the rule in Johnson is merely procedural when applied to the Guidelines. See Williams v. United States, No. 05-CR-6149-MAT, 2016 WL 4917017, *2–3 (W.D.N.Y. Sep. 15, 2016) and Williams v. United States, No. 07-cr-238 (W.D.N.Y. Apr. 18, 2016); see also United States v. Calabretta, 831 F.3d 128 (3d Cir. 2016); In re Hubbard, 825 F.3d 225, 234 (4th Cir. 2016) ("the 'substantive reach' of the Sentencing Guidelines would be altered just as much as was true for the ACCA."); In re Patrick, 833 F.3d 584, 588 (6th Cir. 2016) (rejecting argument that Johnson's application to the Guidelines is procedural and noting that "the Government cites no support for the proposition that the same rule may be substantive and retroactive in one context but procedural and not retroactive in another"); United States v. Hurlburt, 835 F.3d 715 (7th Cir. 2016); United States v. Madrid, 805 F.3d 1204 (10th Cir. 2015).

Consequently, "the Government's argument that § 4B1.2(a)(2)'s residual clause is unaffected by [Johnson] because the [Johnson] Court invalidated the residual clause in the ACCA, and said nothing about the Guidelines, is unpersuasive." *United States v. Johnson*, 2016 WL 6684211, at *7 (E.D.N.Y. Nov. 12, 2016). Moreover, in light of the sentencing range calculation concerns presented in Bouvier's motion, which are undisputed by the Government, the Court declines

to stay the matter pending the Supreme Court's decision in <u>Beckles v. United States</u> (15-8544).

**CONCLUSION**

For the foregoing reasons, the Court finds that Bouvier is entitled to resentencing because his original sentence "was imposed in violation of the Constitution or laws of the United States[,]" 28. U.S.C. § 2255(a). Because resentencing by the original sentencing judge will best satisfy the requirements of due process in accordance with Federal Rule of Criminal Procedure Rule 11, the Court will transfer this case to Judge Larimer.

**ORDERS**

For the reasons discussed above, it is hereby

**ORDERED** that Bouvier's Motion to Correct Sentence under 28 U.S.C. § 2255 (Dkt #25) is **granted**; and it is further

**ORDERED** that this matter is immediately transferred to District Judge David G. Larimer for resentencing.

**IT IS SO ORDERED.**

                                        S/ Michael A. Telesca
                                  HONORABLE MICHAEL A. TELESCA
                                  United States District Judge

DATED:    December 13, 2016
           Rochester, New York